UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BHAVANA S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C25-1014-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's nondisability decision. On September 28, 2022, Plaintiff applied for supplemental security income. After conducting a hearing, the ALJ issued a decision on June 28, 2024 finding Plaintiff's posttraumatic stress disorder (PTSD), cyclothymia disorder, and bipolar disorder are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform work at all exertional levels subject to several nonexertional limitations; Plaintiff has no past relevant work and as there are jobs in the national economy Plaintiff can perform, she is not disabled. Tr. 17-28. The Appeals Council denied review making the ALJ's decision the Commissioner's final decision.

Plaintiff requests the Court reverse the ALJ's decision and remand for an award of benefits contending the ALJ misevaluated the medical opinion evidence, erroneously assessed her testimony and the lay testimony, and harmfully failed to include all her limitations in

ORDER REVERSING AND REMANDING - 1

determining her RFC. Dkt. 11 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

A.  **Medical Opinion Evidence**

   1.  *Standards*

The ALJ must assess medical opinion evidence using five factors: supportability, consistency, relationship with claimant, specialization, and other. Supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain how the supportability and consistency factors were considered, 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). No explanation of the consideration of other factors are required unless the ALJ finds two or more medical opinions or prior administrative medical findings about the same issue are equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

   2.  *Opinions of Dr. Kanter, ARNP Apostle and LCSW Samelson*

The ALJ rejected the medical opinions of the examining and treating sources. He rejected examining doctor Bcrendon Scholtz's assessment for failure to account for all of Plaintiff's limitations. Tr. 24. The ALJ also rejected the opinions of treating ARNP Elisa Apostle, treating L.C.S.W. Rebecca Samelson, and treating doctor Evan Cantor, M.D. finding their opinions were "not corroborated by and out of proportion to the longitudinal record." Tr. 25-26.  In support of this determination, the ALJ found Plaintiff could interact with her providers in a pleasant and

cooperative with normal behavior with good eye-contact; Plaintiff could maintain limited social relationships; had normal hygiene; had "frequently normal mood and affect"; and had normal mental status examination results showing normal thought, cognition, judgment, memory and concentration. *Id.*

Plaintiff first correctly argues the ALJ erroneously failed to make supportability findings regarding the opinions of Dr. Kanter, ARNP Apostle, or L.C.S.W. Samelson. Dkt. 11 at 7. The Commissioner incorrectly claims the ALJ did so by stating the opinions were "not corroborated (i.e. not supported by) and out of proportion to (i.e. inconsistent with) the record evidence." *See* Dkt. 17 at 2. The ALJ plainly stated the opinions were "not corroborated by and out of proportion with the longitudinal record." The ALJ's statement refers solely to the "longitudinal record," does not include the medical providers' findings, and thus is a consistency, not a supportability finding. However, while the ALJ erred in failing to make supportability findings, the error is harmless if the ALJ's consistency findings are valid and supported by substantial evidence.[1]

Next, Plaintiff argues the ALJ's consistency findings are erroneous because they are "conclusory"; rely upon the ALJ impermissibly acting as a medical expert in making his

---

[1] *See Sean R.G. v. Commissioner of Social Security*, 2023 WL 6161988 at *3 (W.D. Wash. Sept. 21, 2023) (The ALJ clearly made a "supportability finding" and that finding alone provides a sufficient basis for the ALJ to discount the ARNP's opinion; *Woods v. Kijakazi*, 32 F.4th 785, 792-94 & n.4 (9th Cir. 2022) (consistency and supportability constitute two distinct factors that should be treated separately); *Joseph F. v. Kijakazi*, 2022 WL 17903079, at *7 (C.D. Cal. Oct. 11, 2022) (collecting cases and holding that under *Woods*, the ALJ's failure to address the supportability factor constituted harmless error where ALJ's consistency findings were supported by substantial evidence). Given the specific language set forth in *Woods* and the numerous cases indicating the failure to consider one factor is harmless, the Court declines Plaintiff's invitation to adopt the *Cesar C. v. Dudek*, 24-3177 (E.D. Wash. April 5, 2025), a case which found the failure to make findings as to both factors was error but did not discuss whether it was reversible error.

findings; ignore "the waxing and waning nature of Plaintiff's impairments"; and rest upon a "cherry-picked" record. Dkt. 7 at 4-6. The ALJ's consistency findings do not withstand scrutiny. Plaintiff's mental status examination (MSE) results span a range. Sometimes Plaintiff has shown normal mood and affect. Sometimes, as the ALJ acknowledged, Plaintiff's MSE results show distractibility and memory impairment. Tr. 24. Moreover, Plaintiff's MSE results do not adequately address Plaintiff's mental health limitations. The focus on Plaintiff's MSE normal results paints a picture of a person with little to no functional limitations. But the record shows Plaintiff who has a PhD. and was hired by the Mayo clinic, was fired shortly thereafter, and has never maintained employment for many years due to significant mental health problems. The clinical summaries created when the "normal" MSE results were recorded indicate Plaintiff suffers from significant symptoms such as Bipolar 2 Disorder with rapid cycling with limited depression and anxiety. Tr. 442. In December, 2022, Plaintiff's MSE indicated irritable mood, and her PTSD test scores were elevated. Tr. 418.

Hence, the focus on "normal" MSE test results fails to account for all of the symptoms Plaintiff's treatment providers observed, have been trying to address, or the limitations resulting from Plaintiff's Bipolar Disorder and PTSD. Dr. Kanter opined Plaintiff test scores indicated severe PTSD which causes Plaintiff to have hyperarousal symptoms, emotional dysregulation, and difficulty with personal boundaries, all of which would "contribute to the trouble maintaining employment." Tr. 721. ARNP Apostle stated Plaintiff has complex PTSD and "suffers from profound and uncontrolled symptoms which inhibits her ability to work." Tr. 719. L.I.C.S.W. Samelson stated Plaintiff has a clearly documented diagnosis of complex post-traumatic stress disorder and while she adheres to treatment, she "greatly struggles with executive and cognitive functioning due to her mental health diagnosis." Tr. 720. The opinions

of the medical treatment providers and the medical record indicate Plaintiff is an individual with cognitive ability that she may be able to apply in a very short burst, such as during a MSE exam, but suffers from mental health symptoms that inhibit and limit her ability to consistently apply her abilities during the course of a normal workday or week.

The Court further finds Plaintiff's ability to interact with her medical providers in a pleasant and cooperative way is not evidence she can perform gainful work. These short-term interactions do not correlate with substantial gainful activity. Likewise, Plaintiff's ability to maintain "limited social relationship," Tr. 26, tends to support rather than undercut the medical opinions.

In short, the Court concludes the ALJ's reliance upon the MSE results, Plaintiff's cooperative and pleasant behavior with her care providers, and limited social relationships, are not grounds to discount the opinions of Dr. Kanter, ARNP Apostle, or L.I.C.S.W. Samelson. Plaintiff has a PhD. and thus likely has considerable intelligence. But despite her intelligence, the record shows and her treatment providers opine Plaintiff suffers from significant mental health symptoms which limit her ability to consistently apply her intelligence and to function in the workplace. The Court accordingly concludes the ALJ harmfully erred in discounting the opinions of these three medical providers.

       3.     ***Opinions of Tasmyn Bowes, PsyD.***

The ALJ rejected Dr. Bowes's September 2022 assessment that Plaintiff is markedly and severely limited in the ability to maintain a work schedule, communicate, perform effectively in a work setting, maintain appropriate behavior and complete a normal workday and workweek without interruptions from mental health symptoms. Tr. 24. The ALJ found Dr. Bowes's opinion "unpersuasive" on the grounds the doctor did not review records generated after the evaluation.

This finding suggests Dr. Bowles's opinions are inconsistent with records created after she rendered her opinion, and accordingly constitutes a consistency finding. However, the finding is insufficient in that the ALJ provides no explanation as to how or why "updated records" undercut or contradict Dr. Bowles's opinion.[2]

The ALJ also rejected Dr. Bowles opinion for the same reason he rejected the treating medical opinions, i.e. Plaintiff's marked limitations are "not corroborated by the longitudinal record" because she has limited social relationships, interacted with her treaters in a pleasant and cooperative manner, and has normal MSE exam findings. Tr. 24. As discussed above, the ALJ erred because his rationale is not supported by substantial evidence.

Contrary to the Commissioner's claim, the ALJ made no supportability findings. Accordingly, the Court finds the ALJ harmfully erred as the consistency findings are not explicated or are not supported by substantial evidence.

### 4.  *Opinions of Drs. B. and F.*

Non-examining doctors B. and F. both opined Plaintiff is limited to brief and superficial interactions with supervisors. Tr. 23-24. The ALJ rejected their opinions for the same reasons he rejected the other medical opinions, i.e., Plaintiff had mainly normal MSE findings, was pleasant and cooperative with her treating doctors, can have limited social relationships and normal

---

[2] The Court notes the ALJ indicated Dr. Bowles was "unfamiliar" with the record followed by citations to the record. Many of the citations regard Plaintiff's MSE exam findings which the ALJ found showed Plaintiff was more functional than Dr. Bowes assessed. However, in focusing on the MSE results, the ALJ omitted other findings indicating Plaintiff has marked and severe functional limitations. *See e.g.* 24F/9 (MSE exam results) but omitting 24F/2-6 (Mental Impairment Questionnaire indicating marked and severe limitations) and 24F/8 (Scored 62 on PCL, endorsed full range of reexperiencing, avoidant, negative cognitions/mood, hyperarousal, binge eating, possible dissociative episode, difficulty with interpersonal boundaries.). Hence, other than the MSE results, there is little in the record following Dr. Bowles's exam that would contradict her opinions.

hygiene. *Id.* The Court rejected this rationale as grounds to discount the examining and treating medical opinions and accordingly reject the rationale as grounds to discount Drs. B.'s and F's opinions Plaintiff is limited to brief and superficial interactions with supervisors.

### 5. *Lay Statements*

The ALJ rejected the statements provided by Plaintiff's two sons as not consistent with the longitudinal record showing she is pleasant and cooperative with her medical providers, can maintain limited social relationships and has unremarkable hygiene. Tr. 26-27. The Court rejected this rationale as grounds to discount the examining and treating medical opinions and accordingly again rejects the rationale as grounds to discount the statements of Plaintiff's sons.

### 6. *Plaintiff's Testimony*

The ALJ found Plaintiff's impairments could reasonably be expected to cause her symptoms and did not find malingering. The ALJ was thus required to provide clear and convincing reasons to discount her testimony. The ALJ noted Plaintiff indicated she cannot work largely due to her mental health problems which cause sleep disruption, difficulty leaving home and interacting with others, difficulty with motivation and maintaining a schedule, problems with concentrating and completing tasks, difficulty being in groups and responding to criticism and suspicion toward others. Tr. 22.

The ALJ discounted Plaintiff's statements finding while she has intermittent depression and irritability, a history of difficulty interacting with others and some social and cognitive deficits, her pleasant and cooperative demeanor with her treating doctors, her ability to maintain limited social relationships, her mainly normal MSE exam results and general good mood and hygiene undercut her claims as to the severity of her symptoms. As noted above, the Court

rejected this rationale as grounds to discount the examining and treating medical opinions and lay testimony and accordingly rejects them as grounds to discount Plaintiff's statements.

## CONCLUSION

The Court finds the ALJ harmfully erred as discussed above. While Plaintiff contends The Court should remand for an immediate award of benefits based on the credit-as-true standard, the Court finds remand for further administrative proceedings is appropriate.

Courts may "affirm, modify, or reverse a decision by the Commissioner '*with* or *without* remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court may remand for immediate payment of benefits. *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). Under the Ninth Circuit's credit-as-true rule, three elements must be satisfied to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. Nonetheless, when a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

The Court finds the record is not fully developed and further administrative proceedings would be useful. The ALJ erroneously focused upon Plaintiff's MSE exam results, her pleasant

demeanor and limited ability to interact socially without performing a supportability analysis, or without meaningfully evaluating the actual clinical assessments and observations, the testimony of the lay witnesses and plaintiff, or properly assessing the opinions of the nonexamining doctors that Plaintiff is limited in her ability to interact with a work supervisor.

Plaintiff's mental health history shows a waxing and waning of symptoms such that the ALJ should evaluate whether and for what time periods and duration plaintiff's symptoms render her unable to attend fulltime work. On remand, the ALJ should take any necessary action to complete the administrative record—including, if necessary, expert medical testimony and supplemental medical opinions—offer plaintiff a hearing and issue a new decision.

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the opinions of Drs. B. and F., Dr. Bowes, Dr. Kanter, ARNP Apostle and LCSW Samelson, and the testimony of Plaintiff and her two sons. The ALJ shall develop the record and redetermine RFC as necessary and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 24th day of November, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge